UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 13 |
| | ) | |
| JOHN MILEUSNIC | ) | CASE NO. 19-20831-JRA |
| | ) | |
| Debtor | ) | |
| | ) | |

PENNYMAC'S RESPONSE TO DEBTOR'S REQUEST FOR
ASSIGNMENT/ACCOUNTING

COMES NOW PennyMac Loan Services, LLC, and for its Response to Debtor's Request for Assignment/Accounting from PennyMac alleges and states as follows:

1. On March 15, 2012, Debtor John Mileusnic, along with non-bankrupt co-mortgagors Jordan J. Mileusnic and Diane Mileusnic, executed a mortgage ("the mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for CBC National Bank. Said mortgage was recorded April 11, 2012, as Instrument No. 2012 024364 in the Office of the Recorder of Lake County, Indiana.

2. The mortgage secures a Note of even date executed by John Mileusnic and non-bankrupt co-maker Jordan J. Mileusnic. The **original** Note, in PennyMac's possession, reflects the following chain of endorsements:

    *CBC National Bank to Flagstar Bank, FSB

    *Flagstar Bank, FSB to Selene Finance LP

    *Selene Finance LP to PennyMac Loan Services LLC

    *PennyMac Loan Services , LLC endorsed in blank

3. The real property is commonly known as 325 Plum Creek Drive, Schererville, Indiana 46375, and legally described as:

        Lot 96, in Plum Creek Village 6th Addition, Block 3, to the Town of Schererville, Indiana, as per plat thereof, as recorded in Plat Book 62, Page 26, in the Office of the Recorder of Lake County, Indiana.

4. On March 7, 2013, Planet Home Lending, LLC ("Planet Home Lending"), the holder of the Note as of that date, filed a Complaint on Promissory Note and to Foreclose Mortgage in the Lake Circuit Court under Case No. 45C01-1311-MF-000298.

5. On July 1, 2016, the Lake Circuit Court granted judgment for Plaintiff. A Sheriff's Sale was set for October 7, 2016. Said sale was cancelled by Jordan Mileusnic's bankruptcy filing in Case No. 16-22852.

6. On February 24, 2017, Planet Home Lending filed its Notice of Relief from Stay and subsequently filed a Praecipe for Sheriff's Sale. A sheriff's sale was set for November 3, 2017 but was cancelled.

7. On or about July 29, 2018, Planet Home Lending filed a Praecipe for Sheriff's Sale, resulting in Debtor's bankruptcy filing in Case No. 18-22937. Said bankruptcy case was dismissed on December 17, 2018, for failure to file information.

8. On or about January 8, 2019, Planet Home Lending again filed a Praecipe for Sheriff's Sale, but Debtor filed this Petition on April 4, 2019.

9. On June 13, 2019, PennyMac, as assignee of Planet Home Lending, timely filed its Proof of Claim in the instant case, attaching thereto a complete copy of the original loan documents described above, as well as the assignments of mortgage (Claim #2).

10. On August 7, 2019, PennyMac filed its Motion to Dismiss. At the pre-hearing held on September 16, 2019, undersigned counsel for PennyMac appeared with the original Note and original mortgage. Debtor examined same.

11. Despite having timely filed its Proof of Claim on June 13, 2019, attaching a copy of the original Note, mortgage and assignment(s) and having brought to Court the "collateral file" consisting of the original Note and security agreement, Debtor erroneously asserts repeatedly in his Request for Assignment/Accounting that PennyMac has not filed its Proof of Claim (see paragraphs 11; 15; 18; 19; 20). Debtor further erroneously asserts that the collateral file "is still not provided" despite having physically examined the original documents in open court.

12. Indiana has codified the Uniform Commercial Code ("UCC"), in Indiana Code ("IC") Title 26. The UCC defines Negotiation of an instrument (Note) as follows:

**IC 26-1-3.1-201 Negotiation**

Sec. 201. (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

13. IC 26-1-3.1-204 defines "Endorsement" as used in IC 26-1-3.1-201:

**IC 26-1-3.1-204 Endorsement**

Sec. 204. (a) "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of:

(1) negotiating the instrument;

(2) restricting payment of the instrument; or

(3) incurring endorser's liability on the instrument;

but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b) "Endorser" means a person who makes an endorsement.

(c) For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.

(d) If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name, or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

14. IC 26-1-3.1-301 defines who may enforce the instrument (Note):

**IC 26-1-3.1-301 Person entitled to enforce instrument**

Sec. 301. "Person entitled to enforce" an instrument means:

(1) the holder of the instrument;

(2) a nonholder in possession of the instrument who has the rights of a holder; or

(3) a person not in possession of the instrument who is entitled to enforce the instrument under IC 26-1-3.1-309 or IC 26-1-3.1-418(d).

A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument

15. PennyMac has demonstrated its standing to enforce the Note as the holder and provided proof of the debt owed through its timely filed Proof of Claim, attaching all documents and instruments required. Further, no party has objected to said Claim.

WHEREFORE PennyMac prays that the Court dismiss this bankruptcy petition and for all other relief deemed proper in the premises.

FEIWELL & HANNOY, P.C.

/s/ SUSAN M WOOLLEY
SUSAN M. WOOLLEY, Attorney No. 15000-64
Attorney for PennyMac Loan Services, LLC
8415 Allison Pointe Blvd., Suite 400
Indianapolis, IN 46250
(317) 237-2727
Fax: (317) 237-2717
Email: SWOOLLEY@feiwellhannoy.com

Mileusnic - File No. 099754B02

CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been duly electronically noticed or mailed via United States mail, first class, on October 22, 2019, to the following:

John Mileusnic
Debtor
325 Plum Creek Dr
Schererville, IN 46375-1166

Paul R. Chael
Trustee
401 West 84th Drive, Suite C
Merrillville, IN 46410

Nancy J. Gargula
U.S. Trustee
100 East Wayne Street, 5th Floor
South Bend, IN 46601-2349

/s/ SUSAN M WOOLLEY
SUSAN M. WOOLLEY
Attorney No. 15000-64

Mileusnic - File No. 099754B02